Morning, Your Honor. Representing the appellant in this case, I'd like to take ten minutes on direct and then ten minutes for rebuttal. In this particular case, Mrs. Shpirt was charged with 12 counts, and contrary to the way the government portrays the case, the counts were all interrelated. Not only was she charged with conspiracy, but the money laundering account depended upon supposedly the Medicare fraud, and those funds then were allegedly not reported on the Shpirt's tax returns and or the money was used to pay personal expenses. So the counts were all related. Prior to trial, the defendant, of course, was charged with 12 counts. She offered to plead guilty to the tax counts. The government, however, insisted that before they would dismiss the other 10 counts, she would have to agree to a tax loss of $336,000 approximately, contrary to what was proved at sentencing, even under the best theory of the government, that it was around $66,000, and that the court could consider the dismissed counts in considering the appropriate sentence. So she was faced with an impossible situation because she had an accountant that said, no, the loss in this case is zero, or maybe $27,000 maximum. The government was insisting on a $336,000 figure, and also that the judge could take into consideration the dismissed counts in which she said she was completely not guilty. So she was forced to go to trial. During the trial, she was convicted. Then based upon a Rule 29 motion, at the completion of the trial, the court eventually granted the judgment of acquittal motion as to the first 10 counts. Did that motion as originally filed cover all 12 counts, or just the 10 that were? Just the 10 counts. Okay. Well, if they're all that interrelated, why didn't the motion cover all 12? Well, because looking at the evidence as it existed, there was sufficient evidence on the, and I don't doubt that, on the tax counts that a rational jury could have determined based solely if you would have looked on that evidence, if they would have believed the government's witnesses and looked at the case most favorably in light of the government's evidence, that there was sufficient evidence to convict the appellant on those two counts. I mean, it was quite clear that you could do that. So if the evidence was so clear that the motion wasn't brought, then you can't No, not so clear that a jury could find. Okay. Okay. However, the Court determined on the Rule 29 motion that this was an irrational jury, that no rational jury could have come to the conclusion that the defendant was guilty on these 10 counts. Now, that's a very unusual motion for any trial court to rule on. I've been doing this almost 40 years. I think it's the first time that I've had the experience of, after a jury verdict, that the judge has granted a Rule 29 motion. So we found that this was an irrational jury. Well, why couldn't, why couldn't Consulate put the whole thing to the jury on that, to the Court on that basis? If you granted on these other counts, then you, by definition, must grant it on the income tax count because you will have found that the jury wasn't rational. Okay. Well, at the time Why couldn't that have been done in the first instance? Well, possibly it could have been done, but at the time Well, possibly it could have been done. Why wasn't it done then? Because Why is it a new fact, then? Because I would have had to make the argument that there was no facts from which a jury could have concluded on the tax counts that, in fact, the defendant was guilty. I would have had to make that determination. No, as you just said, you could have easily made the argument that even if you find there were facts, the jury could have decided it. If you find that the other counts aren't sustained because the jury wasn't rational, then you must upset these counts, too. That would have been very simple. And say, I won a new trial on the whole thing, wouldn't it? Well, in retrospect, probably, maybe I should have done that. But actually, to the positive side, it may well be that was an excellent strategic decision by focusing attention on the counts that were more questionable. The problem is, once you win those, the temptation to say, well, why can't we win all of them, is there, and now we're back trying to get the last two. But there's nothing that said that the motion couldn't have been brought for the first 12, and nothing that I see now that says that that's evidence that speaks to the other two counts. I think we see how this is evidence. If you looked at the Rooney case, which we cited in the booth, the idea that the spillover effect. First of all, I think it's you cannot logically say that if, in fact, the jury was wrong in the 10 counts, and you make the determination that this was an irrational jury, that somehow they were rational as to the other two counts. You cannot make that as a logical argument. That's easy. I mean, you can understand the logic between why these counts are different, because what the district judge pointed to with regard to the granting the new trial is proof of her knowledge of the medical fraud. But that's separate and apart from what she knows the money is being spent for on family things. So you can understand a differentiation in verdict. Now, what I hear you saying is that, well, if the jury's irrational here, they're just going to be irrational every place. You can't trust them. Well, not only that, in making a conclusion that she was in a conspiracy with her husband for the first 10 counts, by the time you get down to the tax count, it's a fate accomplished. A fate accomplished. You're not going to be able to distinguish between those counts. If she's guilty on the medical fraud, she's almost certainly guilty on the tax fraud. But I don't think the reverse is true. And I think that's what the district judge is pointing to here. He's saying, look, she can be, and he doesn't say she's innocent, he can say that there's not enough proof that beyond reasonable doubt she knew what was going on. He later says he thinks by preponderance, yeah, she probably knew, but not enough for a jury properly to convict. But the tax fraud involves something else. That involves what the family is spending money on. So she doesn't have to know those are ill-gotten gains to know the family is spending money on these personal things that are being attributed to a corporation they're not paying taxes on. That's a different kind of knowledge. And so I don't have any difficulty understanding the difference. And to argue broadly that, well, if the jury's wrong on some, they got to be wrong on all, just weighs against that strategic decision at the beginning to bring this motion on 10 counts, but not 12. I think that's a valid decision. I think it was made for excellent reasons. And sure enough, it paid off here. It may not have paid off. It's brought on all 12. But now we're dealing with the implications of the fact that you really can't say if a jury's wrong on one, they got to be wrong on all. Well, the court is correct. That was the reason I made this strategic decision to concentrate on the 10. But my point is that sure, you can look at this after the fact and say, okay, the 10 counts had this amount of evidence. The two counts had this amount of evidence and you can distinguish between the two, but we're dealing with the jury. The jury irrationally made a decision that she was guilty on the 10 counts. So did you really have a fair jury, a rational jury to look at the two counts? You might be able to say they could have some jury could have been rational about those two counts, but obviously this jury wasn't because by the time they looked at the tax counts, they'd already decided that she was involved in the fraud. There's no severance motion here. And the whole sort of spillover argument is in the back, sort of a bass, backwards way of saying, you know, these counts should never have been played together and should have been severed. And there's no, there was never any issue of that. Well, procedurally, there was really no grounds to sever the counts beforehand because the government's theory was. There's no spillover. I mean, I just, you know, it's an argument that just doesn't compute. Well, I think that, Your Honor, the argument that computes and the way I looked at the case was that the jury, by the time they got to the tax counts could not rationally make a decision on the tax counts because they'd already decided the other count. And there was no way pre-trial to say, okay, there was no way the government could put those counts in the same indictment because the government's theory was that the money earned from the Medicare fraud and paid and not, and used for personal expenses. There was a tie together. So there was really no way to sever the counts to make a rational argument to sever the counts. So in the interest of justice, I don't think that one can look at this case and say, okay, we had an irrational jury for 10 counts, but we're going to accept their verdict on the other two counts. That's how I saw the case. Now I understand there's a procedural point, but there are, there is case law in the Ninth Circuit that says, at least from the appellate point of view, if this had been appealed and the court had determined there was insufficient evidence on the 10 counts, that there could be a spillover and she was entitled to a new trial on the other two counts. And there's a case, the Rooney case in this circuit that supports that argument. And we're saying that same argument should be utilized at the trial court level. As getting to the sentencing issues, the court seemed to take the opinion that as long as in his mind, it was a fair sentence, it didn't matter whether he calculated the guidelines properly. And in this case, we're saying that he improperly calculated the guidelines in a number of ways. One of the ways is that he didn't give her credit under the guidelines for acceptance of responsibility when, in fact, she was willing to plead guilty. Still not. You're here appealing those two counts. Okay. You're saying she's going to get acquitted when she goes back on those two counts. She's not pleading guilty on those two counts. Okay. But that really has nothing to do with acceptance of responsibility. I mean, you always make choices when you say, okay, I'm going to accept responsibility by pleading guilty because if I go to trial, I could lose the case. You're not always saying I'm 100% guilty. It's just that you make that kind of a judgment call as a defendant or a defense lawyer. Now, in this particular case, she said, okay, I will plead guilty. And the government is saying, okay, we'll let you plead guilty, but only if you agree to a tax figure that is completely contrary to what eventually they could prove and completely contrary to what the defense says is the tax law. That's not the issue even now. I mean, even now isn't the right time, but it did strike me. How could she plead guilty? Well, because you're arguing right here that she should get a new trial because she's going to go back and beat those two counts. Okay. So where's the acceptance of responsibility? I think the acceptance, the theory of acceptance... Even in sentencing, she didn't accept responsibility. The theory of acceptance of responsibility, one of the theories of acceptance of responsibility is to save the court time and the amount of effort to try to go to trial and save court resources. The government should have offered you a different bargain, but that's not what acceptance of responsibility is for our review. Your Honor, suppose the government is saying in a, let's say, in a simple drug case, they're saying to you, okay, if you plead guilty, you have to say there's 10 kilos involved in this case. In fact, there's only one. And the difference between one kilo, well, let's say more than five kilos, the difference between five and 10 years mandatory minimum. And you say, well, I am guilty of one kilo, but I'm not guilty of more than five kilos. And they give you that choice. And you say, well, I can't plead guilty. I want to go to trial and prove that it's less than one kilo. I mean, it's less than five kilos, which is what she did in this case. The government is saying to her, agree that it's a $336,000 tax loss. We went to trial to try to prove that the tax loss in this case was $27,000. What else is she supposed to do? Well, I'd be relatively certain that the district court would have been more taken with the point if she hadn't stood up at sentencing and said, you know, hey, look, if I made a mistake, if I made a mistake, it was an honest mistake. I mean, the district court bought some of your argument, because he made a departure that was the functional equivalent of an acceptance of responsibility adjustment. So he obviously bought some part of the conundrum that you posed. But she has to this, I mean, she never said, you know, I did anything to that. Maybe if I made a mistake, she didn't say she made a mistake. Well, that's – first of all, that's what many defendants say at sentencing, about I've made a mistake. Well, not if they wish to get an acceptance of responsibility adjustment. Your Honor, should the government have the power? She didn't say she made a mistake. She said, if I made a mistake, then it was an honest mistake. Okay. Her – what she is basically saying is I relied upon my husband. And if I made a mistake by relying upon my husband, I made a mistake. And, you know, in the tax area, it's a little – it's not as clear cut as any – as other types of crime. But, Your Honor, should the government be in the position of saying, before we let you plead guilty, you have to admit things for which you're not guilty of, and which you didn't do, which is what they ended up doing in this case. Are they entitled to say you have to plead guilty and say it's more than five kilos when it's one kilo? Otherwise, we're not going to accept your plea. And what is – and then the defendant goes to trial and doesn't get acceptance of responsibility, because – I think Judge Fease heard you. Well, I'm sure – He gave you the benefit of some concern about the conundrum. Well, that's not the law. Well, the law sure as heck isn't that if somebody stands up and says, if I made a mistake, then it was an honest mistake, has accepted responsibility for a significant tax fraud. Well, I don't think the law is that the government can also try to coerce a plea that you're not guilty of. I think that's a worse – Why don't you go to your next point, if you have one? Okay. The other point, as far as the sentencing goes, that the judge came to the conclusion of a two-year enhancement because dealing in criminal proceeds, yet when the judge granted the Rule 29 motion, and I've quoted it in the brief, the judge said that there was no evidence, not that it could be subject to interpretation. The judge later clarified that he was writing in the context of reasonable doubt, may have misspoken, but said what he actually thought. Well, we have a – you know, we have a decision that he made at the time in which he puts in writing – Well, Your Honor, I don't think it's reasonable to say that after a judge makes a written opinion, which is the law of the case, that after a judge makes a written opinion, that he can't say, oops, I made a mistake, and an honest one, and I now think I want to make clear what I think. Well, Your Honor, I don't think it's reasonable to say that after a judge makes a written opinion, which is the law of the case, and says that there was no evidence that this woman had any knowledge of a fraud, and then when it comes down to sentencing, he says, oh, by the way, on a different standard, even though he's just said in writing there is no evidence that, by the way, I think that maybe she really knew what was going on but couldn't prove beyond a reasonable doubt. No, because if that was the standard, then a rational jury could have convicted her of the ten counts, and it would be completely contrary to his original Not if he believes that it falls between preponderance and reasonable doubt. Well, Your Honor, when you're talking about a rational jury, he didn't say at that time that he made that decision that, you know, the standard, he looked at it as preponderance or evidence or beyond a reasonable doubt. He didn't say that when he ruled on the Rule 29 motion. He said there was no evidence. I'll take your word for it. Yes. All right. Ms. Ryan. Thank you, Your Honor. May it please the Court, Peggy Ryan for the United States. The Court should affirm both the defendant's conviction and sentence in this case. First, as the Court has noted, there was no newly discovered evidence presented to the defendant's motion for new trial. Instead, there was an order by the district court which raised the issue of whether or not other counts unrelated to the factual pattern present in the tax counts presented sufficient evidence beyond a reasonable doubt for conviction, and the Court said no. In the Court's decision, though, regarding the belated motion for new trial, the district court specifically found that there was overwhelming evidence with respect to the tax counts, and that even if he bought the defendant's theory that his order could have been considered newly discovered evidence, which he did not, it wouldn't have impacted the outcome of that trial with respect to the tax counts. Now, for very basic reasons, the Court's order itself is not evidence, so therefore, even addressing the five-factor analysis for a newly discovered evidence motion for new trial doesn't make sense. The order would not be presented to a jury where this case tried again. It simply isn't relevant to any fact of consequence in the tax case. Second, as the district court noted, all of the facts on which Mr. Shpert or, excuse me, Mr. Sherman made his arguments relating to Mrs. Shpert were present in the record and could have been argued within the first motion, therefore, there was no diligence. Second, because of the weight of the evidence, or third, because of the weight of the evidence, an acquittal would not have been the outcome of a new trial were one granted. With respect to the sentencing issues, oh, excuse me, I'd like to make one final point on the new trial motion. The Rooney case referenced by Mr. Sherman is actually a Second Circuit case, and that case specifically stated on page 856 that where we have different fact patterns that support two separate schemes, we will not undermine, or excuse me, we will have the, quote, we will normally have undiminished faith that a jury has followed the Court's instructions in evaluating those counts separately. So unlike Mr. Sherman's argument that where the jury, jury's verdicts is, are overruled in one count, therefore, they must have been irrational in another, the Rooney case specifically says that is not the case where we have different fact patterns supporting those counts of conviction. With respect to the sentencing arguments, first, on the acceptance of responsibility, I won't belabor this issue because I believe the Court has read the briefs and understands the Court's analysis, the district court's analysis on that, but I would like to correct the factual misrepresentation that the government, at any point, asked Ms. Despirit to plead guilty and admit facts that were not true. The government had always in its power the ability to prove up the higher loss, and it explained to the district court at the time of sentencing that its reason for not doing so ultimately was a result in the change of the law because of Booker. The original plea agreement offered by the defendant was offered pre-Blakely. We didn't know that the sentencing guidelines would come under attack. We didn't know that the guidelines would become supervisory rather than mandatory. And our decision a year and a half later not to put on an evidentiary hearing and discuss with witnesses and prove up a complicated net operating loss that had impacted the tax calculation for years, that that was not worth the government's resources at that time given what had happened in the interim with respect to the law and the government's caseload as a direct result of the change in that law. So at no point did the government act in bad faith and request her to plead to facts that were not accurate in the government's mind. Then also, with respect to acceptance, at any time before trial, if the defendant believed that she had no real defense to put on with respect to the tax counts and a very valid defense with respect to the health care, money laundering, and conspiracy counts, she could have offered at any time to plead open to those two counts. All of the cases cited by defendant where acceptance is given in spite of the case going to trial, there is an effort by the defendant to plead guilty, not because she didn't get the bargain she asked for, but irrespective of anything done by the government, the defendant expressed an intent to plead guilty and wasn't allowed to do so. We don't have that in this case. And for all the other reasons pointed out by the panel, there is not a showing of acceptance in this case. With respect to the $10,000 of loss, obviously, the difference of burden of proof was pointed out by the district court and is obviously understood by this Court. So the district court repeated, after Mr. Sherman read the district court's prior findings that there was no evidence, the district court stated at page 73 of the defendant's experts of record, I know what I meant, I don't know what I said in the order, but I'm telling you what I meant. If I misspoke in that order, I'm not bound to continue my own mistake. It's clear that the district court understood the difference between preponderance and beyond a reasonable doubt, and his factual finding at sentencing was not in clear error. With respect to minor or minimal role, the district court made a factual finding that this defendant was centrally involved, was an essential player in the tax crime, and that factual finding was not in clear error. Sophisticated means in this case, as the district court noted, there were two sets of accountants, there was a corporate shell used, there were misstatements regarding characterization of payments as a loan payment, a loan repayment, and then they used business deductions to hide the fact that they were spending this money on personal expenses, including the tax benefit they got from that. They were also able to hide the personal income through those means. Clearly, that is more sophisticated than your average tax scheme, and the Court's finding was not in clear error. Finally, with respect to the tax loss in this case, the Court's finding that the government had sufficiently proven that BGSH was a corporate shell used for no other purpose was not in clear error, and the Court's burden of finding a reasonable estimation of loss was also not in clear error when the Court determined that $63,000 or well over the $40,000 threshold was the estimated loss in this case, was supported by the record. And finally, with respect to the 18-month sentence, it is a month – excuse me, it is a sentence six months below the guidelines. There is so far no precedent holding that a below-guideline sentence is unreasonable on its face, and the defendant certainly hasn't raised any credible argument that it is so in this case. So with that, the government thanks the Court for its time. Okay. Mr. Sherman. I'll wait for the rest of my argument. Thank you. Thank you, counsel. The matter just argued will be submitted, and the Court will stand as is for the day.
judges: Fernandez, Rymer, Clifton